TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
John Budoff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Budoff, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| CBE Group, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, John Budoff, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, John Budoff (hereafter "Plaintiff"), is an adult individual residing in Glendale, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, CBE Group, Inc. (hereafter "CBE"), is an Iowa based company with an address of 1309 Technology Parkway, Cedar Falls, Iowa 50613, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by CBE and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CBE at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff's ex-wife (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CBE for collection, or CBE was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CBE Engages in Harassment and Abusive Tactics

12. Within the last year, CBE contacted Plaintiff by placing as many as five (5) calls to Plaintiff's cellular phone [602-828-XXXX] using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "ATDS" or "Predictive Dialer") in an attempt to collect the Debt.

3

13. Plaintiff has no prior relationship with Creditor, never provided his cellular phone number to the Creditor, and never provided his consent to be contacted at that number.

14. Plaintiff was not a co-signer on the Debt and was in no manner financially responsible for repayment of the Debt.

15. The calls from CBE originated from the following telephone numbers, including but not limited to, (515) 954-XXXX and (319) 242-XXXX.

16. Upon answering each of CBE's ATDS calls, Plaintiff heard a pre-recorded message and was never able to be connected with a live representative.

17. On or about November 13, 2013, Plaintiff called CBE and informed them that they were calling the wrong number. Plaintiff also informed CBE that his ex-wife could not be reached at his telephone number. As such, Plaintiff requested CBE cease any further ATDS calls to his number.

18. Despite awareness of the former, CBE continued to hound Plaintiff with ATDS telephone calls in its collection efforts.

19. On or about November 15, 2013, Plaintiff again called CBE to request that they cease any further calls. During this phone call to CBE, Plaintiff was informed by CBE that his number would be erased from their computer.

20. Nevertheless, CBE continued to place ATDS calls to Plaintiff's cellular telephone.

21. The calls from CBE were not placed for emergency purposes.

### C. Plaintiff Suffered Actual Damages

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants violated 15 U.S.C. § 1692b in that Defendants contacted third parties on more than one occasion in connection with the collection of a debt.

26. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

5

28. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

33. Without prior consent, the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

34. The Federal Communications Commission (FCC) promulgated rules under the TCPA, including prohibitions of the use of a Predictive Dialer. The FCC defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone"

the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022.  The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.*

35.   CBE's telephone systems have all the earmarks of a Predictive Dialer. When CBE called Plaintiff, Plaintiff would hear a prerecorded message as opposed to a live representative.

36.   CBE's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37.   Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants on multiple occasions to stop all calls to him.

38.   Plaintiff never provided his cellular telephone to the Creditor and never gave consent to the Creditor to contact him on his cellular telephone number.

39.   In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his repeated demands to cease calls to his cellular telephone.

40.   The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

42. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

43. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

47. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

48.     The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

49.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

50.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

51.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

E. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: December 13, 2013             LEMBERG & ASSOCIATES, LLC

By: _/s/ Trinette G. Kent_
Trinette G. Kent

Attorney for Plaintiff,
John Budoff